## Essex Bank *vs.* Rix & a.

Since the statute of July 4, 1834, if it appears, in the course of the proceedings in an action *ex contractu*, that any defendant is not liable, such defendant may be discharged, with costs, and the action proceed against the others; and this whether it appear by plea, or by evidence on trial, or by the admission of the plaintiff.

An objection to the admissibility of a witness on account of interest in the costs, if not taken at the trial, cannot be urged on a hearing of a case saved, in which his admissibility is resisted on other grounds.

A defendant, in an action *ex contractu*, who is defaulted, if he has no interest in the costs may be a witness to sustain a defence, by another defendant, which goes only to the personal discharge of the latter.

Whether he can be admitted to sustain any defence which would show, if true, that no judgment ought in justice to be rendered against himself, notwithstanding his default—*quere?*

Assumpsit, on a promissory note, signed by the defendant, and Benjamin Fay, and others.

The suit was against all the signers of the note, who were all defaulted except said Rix. The defence on his part was payment; and that he was a surety, and discharged by a new agreement for time, made by the plaintiffs with the principal; and he offered the said Fay, who had been defaulted, to prove the above facts. But he was rejected by the court as inadmissible; and the jury having returned a verdict for the plaintiffs, the defendant moved for a new trial.

*Bellows*, for the defendant. We contend that a defendant on the record, who is no party to the issue tried, may be examined as a witness for his co-defendant, if not disqualified by interest, in all cases where the suit is at an end, as respects him, either by a *nol. pros.*, a verdict of acquittal, or a verdict, and sentence or judgment, or upon which sentence or judgment must in any event be passed. 3 *Stark. Ev.* 1062.

In respect to criminal proceedings this is clearly the rule. 1 *East* 313; 1 *Str.* 633, *Rex* vs. *Fletcher; Com. Dig., Testimoign, B.* 3; 5 *Esp. N. P. C.* 154, *Rex* vs. *Laforce;* 3

*Dane's Abr.* 445 ; 10 *Pick.* 58, *Com'th* vs. *Marsh ;* 3 *N.H. Rep.* 397, *Wallace* vs. *Blanchard.* In actions *ex delicto* the same doctrine is established. *Buller's N. P.* 285 ; *Swift's Ev.* 73 ; 2 *Stark. Ev.* 767 ; 10 *Pick. R.* 16, *Sawyer* vs. *Merrill.*

The rule which excludes parties to the record is not arbitrary, but founded upon public policy, which pronounces a witness incompetent who is interested in the cause.

In actions *ex contractu*, a defendant on the record, unless otherwise interested, is competent to testify for his co-defendant, in the following cases. 1. When he is included in the writ, but the process not served upon him. 1 *Pick. R.* 118, *Gibbs* vs. *Bryant.* 2. When a *nol. pros.* is entered as to him. 16 *East* 171, *McIver* vs. *Humble;* 2 *B. & C.* 558, *Moody* vs. *King & al.* 3. When he is discharged upon a separate issue. *Com. Dig., Testimoign, B.* 3 *;* as for a misnomer ; 3 *Esp. R.* 25, *Raven & al.* vs. *Dunning & al. ; Peake's Ev.* 100 ; 3 *N. H. Rep.* 397 ; *Phillips' Ev.* 61 ; 15 *Johns.* 223, *Van Deusen* vs. *Van Slyck.* 4. When he has suffered a default upon which judgment has been, or will be at all events rendered. 17 *Pick.* 345, *Dana* vs. *Kemble & Barry, Trustee ;* 2 *N. H. Rep.* 283, *Pillsbury* vs. *Cammett & Nelson ;* 16 *Pick.* 501, *Bradley & al.* vs. *Neal & al. ;* 7 *Bing.* 395, *Worrall* vs. *Jones.*

Is then Fay interested in the event of this issue ?

In an action on a joint contract the general rule is that the judgment must be against all or none. But if the defendant be discharged by matter arising subsequent to the making of the contract, as by bankruptcy and certificate, or any thing personal to him, the plaintiff may enter a *nol. pros.* as to him, and proceed against the rest. *Saund. on Plead. & Ev.* 146 ; 1 *Wils.* 89 ; 3 *Esp. R.* 77 ; 1 *Chitty's Pl.* 32–33 ; 1 *Saund.* 207, *note* 2 ; 4 *T. R.* 360 ; 1 *Saund.* 285, *note* 5.

But this point is made clear by the law of June session, 1834, which provides for the discharge of one defendant,

and judgment against the others, in all cases where he is not liable.

It is said that this doctrine is contrary to public policy; but whether the name be on the record or not, is of very little importance, if it be established that the principal when not joined may be a witness for his surety in an action upon a note; and this doctrine is too well settled to be shaken. 3 *N. H. Rep.* 115, *Ames* vs. *Withington; 5 N. H. Rep.* 196, *Carleton* vs. *Whitcher;* 1 *Shepley* 202, *Bank* vs. *Rollins.*

So where a suit is brought in the name of a nominal plaintiff, the real plaintiff, before trial, may transfer his interest, and testify.

*Young, Cushman & Hayward,* for the plaintiffs, contended that, Fay being a party to the record, was not a competent witness, on grounds of public policy, and also on account of interest—That if the defendant, Rix, obtained a verdict, no judgment could be rendered against Fay, on his default—and that if the statute of 1834 had made an alteration in this respect, he was still interested, being liable to Rix for costs. They cited 6 *N. H. Rep.* 518; 2 *N. H. Rep.* 283; 1 *East* 48; 1 *Phil. Ev.* 62; 3 *N. H. Rep.* 115; 16 *Johns.* 70; 1 *Phill. Ev.* 49; 10 *Pick.* 57; *Ditto* 16; 6 *T. R.* 625; 10 *Johns. R.* 95; 2 *Stark. Ev.* 580–582; 6 *Bing.* 306; 16 *Pick.* 501; 2 *Johns. R.* 270; 14 *Johns.* 271; 2 *Vermont R.* 138.

*Bellows,* in reply. There was no objection at the trial that the witness was interested on account of the costs. The only question made was, whether, since the statute of 1834, upon a trial of the action, judgment could be rendered against some of the defendants, and not against all.

PARKER, C. J. It is said that no objection was taken to the admissibility of the witness, at the trial, on account of

interest in the costs; but the question was, whether judgment could in fact be rendered against the other defendants under the statute of July 4, 1834, in case the defendant, Rix, should obtain a verdict. The statute is not drawn in very technical language, but we have no doubt that the legislature intended to relieve plaintiffs, in actions on contracts, from the rule by which, unless a good cause of action was shown against all the defendants who were joined in the suit, judgment could not be rendered against any one. The construction of the statute was considered in *Blake* vs. *Ladd*, (ante, 190) at this term, upon a similar question. If it shall appear, in the course of the proceedings in the suit, that any defendant is not liable, such defendant may be discharged with costs, and the action proceed against the others; and this whether it appear by plea, or evidence on trial, or by the admission of the plaintiff. A defendant who is not liable is to be regarded as improperly joined. The reason, therefore, for excluding the witness, which existed in *Pillsbury* vs. *Cammett*, 2 *N. H. Rep.* 283, has ceased.

If the objection that Fay was liable to costs, and thus interested, had been made at the trial, it might have been obviated by a release; and the objection, therefore, should have been taken at that time, if it was relied on. As that was not the matter considered, the defendant, Rix, ought not now to be concluded by that objection; and the action, therefore, must be sent back for another trial.

The defendant, Fay, if he has no interest, may testify. If the defendant, Rix, is a surety, and has been discharged by a contract for delay, between the plaintiffs and the principals, judgment may be rendered against those who are defaulted, notwithstanding this appears, and he is discharged. His discharge upon that ground would not, since the statute of 1834, relieve Fay from a judgment on his default; and he would, therefore, have no interest in sustaining the defence, in such case, if released from all liability for costs. His interest, so far as the debt is concerned, is balanced, being

liable to the plaintiff, or to the defendant, Rix, if he, as surety, should be compelled to pay. How far he might be interested on account of the costs, without a release, it is not necessary now to consider. Whether he can be charged with the costs of a litigation between the plaintiffs and Rix, after his default, whichever party may prevail, is a question we have not settled.

It may be doubted also whether he can be admitted as a witness to sustain a defence of payment, or any other defence which would show, in fact, that no judgment ought in justice to be rendered against himself, notwithstanding his default.

*New trial granted.*